**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **MADELINE CAROL BOILLAT-MACON** | **:** | **DOCKET NO. 2:06-cv-247** |
| **VS.** | **:** | **JUDGE MINALDI** |
| **NORMAN Y. MINETA** | **:** | **MAGISTRATE JUDGE WILSON** |

**MEMORANDUM ORDER**

Currently before the court is a civil action filed *in forma pauperis* by *pro se* plaintiff, Madeline Carol Boillat-Macon, pursuant to Title VII of the Civil Rights Act of 1964. In this Title VII action, the plaintiff states that her employer, the United States Department of Transportation, discriminated against her because of her race and a physical disability.

Because Plaintiff is proceeding *in forma pauperis*, the court is authorized to review the complaint under 28 U.S.C. §1915 and to dismiss any claims which the court determines are frivolous, fail to state a claim upon which relief can be granted, or seek monetary damages from a defendant who is immune from such relief.

Title VII grants an aggrieved federal employee the right to file suit in federal district court. *See* 42 U.S.C. §2000e-16. This is the exclusive remedy for claims of discrimination in federal employment. *Brown v. General Services Administration*, 425 U.S. 820, 96 S.Ct. 1961, 1963 (1976). However, there are two requirements for filing a Title VII action in federal court: (1) the complaint must be filed within the time allotted by Title VII; and (2) the complainant must first have exhausted the administrative remedies available. *Tolbert v. United States*, 916 F.2d 245, 247 (5th Cir. 1990);

*Brown,* 96 S.Ct. at 1967-68; *Fitzgerald v. Secretary, U.S. Department of Veterans Affairs*, 121 F.3d

203, 206 (5th Cir. 1997); 42 U.S.C. §2000e-16; 29 CFR §1614 *et seq.*  Failure to comply with either

of these requirements deprives a district court of jurisdiction over the case. *Tolbert*, 916 F.2d at 247;

*Fitzgerald*, 121 F.3d at 206.

In order to exhaust administrative remedies, federal employees must consult an EEO counselor

within 45 days of the date of the alleged unlawful employment practice to commence the administrative

process. 29 CFR §1614.105(a)(1). After the completion of an informal counseling period, the employee

may file an administrative complaint with the agency.  29 CFR § §1614.105(d), 1614.106. Following

a decision by the agency on the administrative complaint, the employee may either file suit in federal

district court within 90 days of notice of the final agency action or appeal the agency decision to the

EEOC Office of Review and Appeals and then seek review in federal court within 90 days of an EEOC

decision.  42 U.S.C. §2000e-16(c); 29 CFR §1614.407; 29 CFR §1614.401.

From the face of the plaintiff's complaint and exhibits, it appears as if this the plaintiff did not

consult an EEO counselor in a timely manner.[1]   The failure to do so "constitutes a failure to exhaust

administrative remedies and acts as a bar to judicial pursuit of those claims" absent a waiver, estoppel,

or equitable tolling.  *Swanson v. Perry*, 69 Fed. Appx. 658 (5th Cir. 2003), citing *Pacheco v. Rice*, 966

F.2d 904, 905 (5th Cir. 1992).  Further, the plaintiff indicates that she filed an appeal of the final

---

[1]The final decision from the U.S. Department of Transportation attached to the plaintiff's complaint states
as follows:

A determination has been made to dismiss your complaint for the following reasons:

The EEOC regulation at 29 C.F.R. Section 1614.107(a)(2) requires Federal agencies to dismiss a
complaint that fails to comply with the applicable time limits contained in Section 1614.105.
Section 1614.105(a)(2) states that an aggrieved person must initiate contact with an EEO counselor
within 45 days of the date of the matter alleged to be discriminatory.  Our records show that you
did not contact an EEO counselor until July 2005, approximately a year and a half after the alleged
discriminatory act occurred.  This is clearly beyond the 45-day time frame requirement.

[Doc. 1-2, pp.4-6].

agency decision with the EEOC and that she received a right-to-sue letter from the EEOC, but she fails to provide the court with a copy of that letter. *See Tolbert, States,* 916 F.2d at 248 (a plaintiff who chooses to pursue an appeal to the EEOC must exhaust that appeal before filing suit in federal court.)

Before this court determines the proper disposition of Plaintiff's claims, she should be given the opportunity to remedy the deficiencies of her complaint. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Accordingly;

**THE CLERK IS DIRECTED** to serve Plaintiff with a copy of this Order.

**IT IS ORDERED** that Plaintiff amend her complaint within thirty (30) days of the date of this order to (1) provide the court with a copy of the right-to-sue letter issued to her by the EEOC; and (2) allege specific facts to support a finding that the plaintiff consulted an EEO counselor in a timely manner or that the time for doing so was equitably tolled.

**Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(I) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Plaintiff is further required to notify the Court of any change in his address under U.L.R. 41.3W.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 26th day of April, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE